FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 1 6 2010

JAMES N. HATTEN CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRISTIE NORTH, | |
| Plaintiff, | |
| v. | PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL |
| REDLINE RECOVERY SERVICES, LLC | |
| Defendant. | |

1 10-CV-0454

CRISITE NORTH ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against REDLINE RECOVERY SERVICES, LLC, ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant resides and conducts business in the state of Georgia, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

6. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

7. Plaintiff is a natural person residing in Salt Lake City, Utah.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company located in Atlanta, Fulton County, Georgia.

11. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant called Plaintiff from 866-399-9566 X 4003.

14. Defendant repeatedly called Plaintiff at her work, despite being told not to call Plaintiff at her work.

15. Defendant disclosed to Plaintiff's work assistant that Plaintiff owes a debt.

16. Defendant told Plaintiff's work assistant that if Plaintiff did not pay her alleged debt, Defendant would send someone to Plaintiff's office to embarrass her and asked for Plaintiff's work address.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's daughter-in-law and stating that Plaintiff owes a debt.

b. Defendant violated *§1692c(a)(3)* by repeatedly contacting Plaintiff at his place of employment even though Defendant knew that Plaintiff's employer prohibits the consumer from receiving such communications.

c. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's daughter-in-law in connection with the collection of Plaintiff's debt.

d. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

e. Defendant violated *§1692d(2)* of the FDCPA by using abusive language when Defendant stated to Plaintiff's assistant that it would send somebody to Plaintiff's work to embarrass Plaintiff if she did not pay her alleged debt.

f. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

18. WHEREFORE, Plaintiff, CRISITE NORTH, respectfully requests judgment be entered against Defendant, REDLINE RECOVERY SERVICES, LLC., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

23. Any other relief that this Honorable Court deems appropriate.

DATED: December 18, 2009

RESPECTFULLY SUBMITTED,

By: _____
Alex Simanovsky, Esq.
Attorney for Plaintiff
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345

Of Counsel
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CRISITE NORTH, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF UTAH)

Plaintiff, CRISITIE NORTH, states the following:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CRISTIE NORTH, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

__12-18-09__  
Date

__CRISTIE NORTH__